UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GERALD BUSH and
CAROLYN BUSH,

    Plaintiffs,

vs.

BRADLEY SLAGH, *et al.*,

    Defendants.

_____/

Case No. 1:08-cv-1161

Hon. Robert J. Jonker

## REPORT AND RECOMMENDATION

   This is a civil rights action brought by plaintiffs. This matter is now before the court on a motion to dismiss filed by defendants Ottawa County Treasurer Bradley Slagh and Ottawa County (docket no. 16) and on two motions for injunctive relief filed by plaintiffs (docket nos. 25 and 28).

## I.  Background

   In their *pro se* complaint, plaintiffs sue four defendants: Ottawa County Treasurer Bradley Slagh ("Treasurer Slagh"); Ottawa County, Michigan; and Mr. and Mrs. Roger DeVries. Plaintiffs set forth the following allegations. They own property in the City of Zeeland, Ottawa County, Michigan. Compl. at ¶ 5. In 2008, Treasurer Slagh, acting under color of state law, put two of plaintiffs' properties up for sale for the unpaid 2005 taxes. *Id.* at ¶ 7. The properties are located at 215 Alpine and 119 N. Centenniel. *Id.* One property was sold to the City of Zeeland and one property was sold to Mr. Devries. *Id.* The crux of plaintiffs' claim appears in their allegation that

"Both are non-homestead properties subject to the unconstitutional 18 mill education tax, interest, penalties, fines and fees."  *Id.*

Plaintiffs seek relief under 42 U.S.C. § 1983 ("Civil action for deprivation of rights"), 42 U.S.C. § 1985 ("Conspiracy to interfere with rights") and 42 U.S.C. § 1988 ("Proceedings in vindication of civil rights").  The court has summarized plaintiffs' specific claims below.

1)  Defendants' "continuing harassment, repeated seizures, takings and selling of their properties is unconstitutional in violation of the 3rd, 4th, 5th, 9th and 14th Amendments and the Michigan Constitution, Article I, sections 1, 2, 11, 17, 23."  *Id.* at ¶ 12.

2)  Taxes assessed against plaintiffs' property are "unconstitutional in violation of the 14th Amendment and the Michigan Constitution as it was unconstitutionally amended in 1994 by subterfuge and deception."  *Id.* at ¶ 13.  "[T]he Michigan Constitutional provision at Article IX, sec 3 is unconstitutional in violation of the 14th Amendment and Constitution of the United States and of the Michigan Constitution in so far as it permits non-uniform property taxes.  And that the resulting 18 mill tax applied to their properties was unconstitutional likewise, by unlawful legislation and votes of the electors.  And they and others have been unlawfully required to pay such taxes without recourse or relief from it."  *Id.* at ¶ 14.  *See also* ¶ 20.

3)  Michigan's General Property Tax Act, M.C.L. § 211 *et seq.* (GPTA), is unconstitutional "for the reason that property owners should not have their property taken within one or two years of not paying taxes because it violates the 4th Amendment by 'seizing' the property, the 5th Amendment by 'taking without just compensation' for their investment and the 5th and 14th Amendments of due process of law."  *Id.* at ¶ 23.

4) The GPTA is unconstitutional "in that it does not have a redemption period after the tax sale of allegedly delinquent properties and therefore results in a taking in violation of the 5th Am and violation of the Due Process of the 5th and 14th Am and does not provide meaning full [sic] protection for fundamental property rights." *Id.* at ¶ 24. Plaintiffs seek injunctive relief and monetary damages.

## II. Discussion

Defendants Treasurer Slagh and Ottawa County have moved to dismiss plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6). In addition, plaintiffs have filed their fourth and fifth motions for injunctive relief to prevent Ottawa County from seizing or selling certain real estate for non-payment of real estate taxes. It is unnecessary for the court to address these motions because all of plaintiffs' challenges to Michigan's property tax system are barred by statute or the principle of comity by which the federal courts abstain from challenging the levy and assessment of state taxes.

To the extent that plaintiffs seek injunctive relief against Ottawa County, such relief is barred by the Tax Injunction Act, 28 U.S.C. § 1341, which provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." *See, generally, Hibbs v. Winn*, 542 U.S. 88, 107 (2004) (the Tax Injunction Act applies to "cases in which state taxpayers seek federal-court orders enabling them to avoid paying state tax"). The Tax Injunction Act reflects "the fundamental principle of comity between federal courts and state governments that is essential to 'Our Federalism,' particularly in the area of state taxation." *Thiokol Corporation v. Department*

*of Treasury, State of Michigan, Revenue Division*, 987 F.2d 376, 378 (6th Cir. 1993), quoting *Fair Assessment in Real Estate Association n v. McNary*, 454 U.S. 100, 103(1981).

Under this rule of comity, the Supreme Court has held that plaintiffs must contest a state tax system in the state court:

> [T]axpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts. Such taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete, and may ultimately seek review of the state decisions in this Court.

*Fair Assessment*, 454 U.S. at 116 (footnotes omitted). "This exclusion of federal courts from the state taxation area is so far reaching it precludes federal courts from declaring state tax laws unconstitutional." *Thiokol*, 987 F.2d at 378, citing *Fair Assessment*, 454 U.S. at 103.

Both the Tax Injunction Act and the *Fair Assessment* doctrine of comity are applicable in this case because plaintiffs have appropriate state remedies. Michigan provides both a "a plain, speedy and efficient remedy" under the Tax Injunction Act, and a "plain, adequate, and complete" remedy under the *Fair Assessment* doctrine, because plaintiffs can file a direct constitutional challenge to the real estate tax system in the Michigan Circuit Courts. *See Chippewa Trading Co. v. Cox*, 365 F.3d 538, 542-43 (6th Cir. 2004).

Here, plaintiffs challenge the constitutionality of Michigan's real estate tax system, seek monetary damages resulting from the enforcement and operation of the tax system, and seek to enjoin Ottawa County from applying the tax system to their property. Plaintiffs' vague claims against Mr. and Mrs. DeVries are wholly derivative of these challenges to Michigan's tax system.[1]

---

[1] Neither Mr. DeVries nor Mrs. DeVries are alleged to be state actors. Plaintiffs have sued these individuals because Mr. DeVries purchased certain property at a tax sale. The court notes that plaintiffs make no allegations against Mrs. DeVries. It was her husband, Mr. DeVries, who allegedly purchased the property.

All of plaintiffs' claims are barred by either the Tax Injunction Act or the *Fair Assessment* doctrine of comity. *See, e.g., Lawson v. Brousseau*, No. 4:06-cv-33, No. 2006 WL 1362913 (W.D. Mich. May 18, 2006) (dismissing plaintiff's § 1983 claim against public officials for due process and equal protection claims arising from alleged over assessment of property taxes on plaintiff's real estate). Accordingly, plaintiffs' claims are the proper subject of a federal court action and should be dismissed.

### III. Recommendation

For the reasons set forth above, plaintiffs' action is barred. I respectfully recommend that the pending motions by defendant Ottawa County (docket no. 16) and plaintiffs (docket nos. 25 and 28) be **DENIED** and that this action be **DISMISSED** in its entirety.


Dated:  January 21, 2010                    /s/ Hugh W. Brenneman, Jr.
                                            HUGH W. BRENNEMAN, JR.
                                            United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).