UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD BUSH and CAROLYN
BUSH,

   Plaintiffs,

CASE NO. 1:08-CV-1161

v.

HON. ROBERT J. JONKER

BRADLEY SLAGH, *et al.*,

   Defendants.
_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

  The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 31) and Plaintiffs' Objections (docket # 36). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that Defendants' motion to dismiss (docket # 16) be granted and that Plaintiffs' two motions for injunctive relief (docket nos. 25 & 28) be denied. In particular, the Report and Recommendation concludes that Plaintiffs' state-tax claim is barred by the Tax Injunction Act, 28 U.S.C. § 1341. Plaintiffs make several objections related to the application of the Tax Injunction Act to their claim, none of which undermine the Report and Recommendation's analysis and recommendation.

Plaintiffs object that, in considering the Tax Injunction Act sua sponte, the Magistrate Judge acted as counsel for the Defendants and violated Plaintiffs' right to due process. This contention is entirely without merit. The Tax Injunction Act, 28 U.S.C. § 1341, "deprives federal courts of jurisdiction to hear certain challenges to state tax schemes." *Commerce Energy, Inc. v. Levin*, 554 F.3d 1094, 1096 (6th Cir. 2009). "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Accordingly, the Magistrate Judge properly considered and applied the Tax Injunction Act in this case. *See id.*

Plaintiffs also object that *Levin* is controlling in this case and requires the Court to retain jurisdiction over their claims. They further object that section 1341 is unconstitutional and that its application in this case violated due process. These contentions, too, are without merit. *Levin* controls this case, but it held that section 1341 bars absolutely claims brought in federal court "to avoid paying state taxes (or to gain a refund of such taxes)." 554 F.3d at 1096 (quoting *Hibbs v. Winn*, 542 U.S. 88, 93 (2004)). Here, Plaintiffs are seeking to avoid paying state taxes and to obtain a refund for such taxes. *See id.* The Magistrate Judge therefore properly dismissed the suit as barred by section 1341. *See id.*

Plaintiffs' last set of objections is to the form of the Report and Recommendation. They contend that the Report and Recommendation understates the facts of the case, fails to summarize accurately the proceedings, and is misleading. These contentions are without merit and do not affect the disposition of the case, which was properly dismissed under section 1341. *See id.*

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed January 21, 2010, is approved and adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (docket # 16) is **GRANTED**, Plaintiffs' motions for injunctive relief (docket nos. 25 & 28) are **DENIED**, and this action is **DISMISSED** in its entirety.


Dated:     March 9, 2010                         /s/ Robert J. Jonker
                                                 ROBERT J. JONKER
                                                 UNITED STATES DISTRICT JUDGE